We will take the cases in the order listed on the calendar. I just note the following. The third case, DeGrenier, a bankruptcy case, has apparently been settled and dismissed by stipulation, so that's off calendar. And then the next to last case, Ottoyan v. INS, is submitted on debris. Before we begin, on behalf of Judge Fletcher and myself, we want to welcome Judge Pollack to this panel. Judge Pollack is a distinguished judge from the Eastern District of Pennsylvania and is out here helping us out with this calendar. And a calendar earlier in the week and is doing it in addition to his other duties at home. We appreciate his help and welcome his participation. Thank you, Judge. I'm delighted to be here. First case on the argument calendar then is Foti v. County of San Mateo. I think this case has been up on appeal several times already, hasn't it? Good morning, Your Honors. May it please the Court, my name is Jane Fleming with Reed Smith-Kratzbehefe. I am here with my colleague, Mr. Jeffrey Cortez. We represent the plaintiff, Mr. Robert John Foti. With the Court's permission, I'd like to reserve three minutes for rebuttal. Fine. Thank you. I want to focus primarily on two things. First, the District Court's determination that Mr. Foti failed to state a claim of municipal liability based on custom policy or practice. Second, that the District Court ruled that claims arising from events in 1995 are barred by the statute of limitations. And then I'd like to simply amplify one of the constitutional arguments, although the defense apparently does not challenge that Mr. Foti stated constitutional claims, and that one relates to prolonged detention, a 62-day detention, based on Mr. Foti's refusal to identify himself. Well, we'll see how much we can cover in ten minutes, right? Very quickly, thank you. With respect to the first custom policy and practice, the Supreme Court made clear in Leatherman v. Tarrant County that there's no heightened pleading standard required for Section 1983 cases under the federal pleading rules. Is that what it appears the district judge applied in this case? Well, what appears to have happened is that the district judge required Mr. Foti to plead factual allegations that would support a claim, and under Ninth Circuit precedent, all Mr. Foti needed to do was allege custom policy and practice. He's entitled to move forward, develop the evidence, and have that issue resolved at the very least at summary judgment, if not trial. What exactly did he say in his complaint? Well, he essentially alleged a variety of constitutional violations, including Fourth Amendment to the Fourth Amendment, the Fifth and Fourteenth Amendment. He alleged that he was falsely arrested and falsely imprisoned, detained for 62 days, because he wouldn't tell people his name. What I meant in respect to the municipal liability, what did he specifically say? He specifically said that all of the acts that were unlawful were ratified by the county. He alleged that there was a behavior and practice on the part of the county with respect to that unlawful conduct. He alleged that he filed a notice of claim with the county shortly after his initial release. That claim was denied. The county thereafter allowed his rearrest five years later, and all of those courses of conduct on the part of the county comprised the custom policy and practice, which he now would like to prove through his development of the evidence. I'm sorry, go ahead. Go ahead, Judge. Well, the custom and practice in this case is alleged to arise from sort of like failure to take corrective action. Is that what it amounts to? Well, in part, it's an allegation that there was a failure to take corrective action. In part, it's an allegation that there is a policy on the part of the county to incarcerate people pre-trial, pre-conviction for extended lengths of time based on their refusal to identify themselves. Where is that allegation? What paragraph is that in? Well, basically at the corrected excerpts of record, page 87. 87? Paragraph 11 of the complaint. He alleges he was held unlawfully for 62 days. The county appears to ratify this behavior and practice by not taking corrective action. Now, we have to recall that Mr. Foti was in pro per when he was in the district court, so essentially what he was alleging was that all of the allegations in his complaint of unconstitutional conduct were acquiesced in by the county. In fact, if there's a ñ granted, the pleading is not as artful as it could be, he is entitled to leave to amend so that we can help him to replete the claims. Essentially the allegation, if he is granted leave to amend, would be that the county prosecutor, as an official policymaking authority of the county, was the one who was basically allowing this course of conduct and policy to be put into place, whereby someone remained incarcerated for a prolonged period of time based on his refusal to identify himself. But when you say that was ñ when they say the allegation is ratified, how is something like that ratified? You mean when he was arrested again? Well, basically what he said was a behavior and practice, that's part of his allegation, is that there was a behavior and practice on the part of the county. But it appears to ratify this behavior by not taking corrective action. Right, and that relates to his notice of claim, which he filed with the county right after he was released. The county then, instead of investigating the allegation that he had been detained unfairly and without probable cause for 62 days, instead of investigating and taking action on that claim, basically denied it, allowed the warrant to remain dormant for four years, allowed him to be rearrested four years later on the selfsame allegations, which he remained steadfast in his position were without probable cause for his arrest. Perhaps I'm not following the construction, but it seems to me we have just a kind of a rote recitation of appears to ratify by not investigating, not monitoring. Does any of that add up to what even closely would look like an allegation of a custom and practice? Well, again, Your Honor, under Ninth Circuit law, the rule is custom, policy, and practice is enough to state a claim. The Court has said that even boilerplate allegations, quote, are enough to state a claim. This Court's opinion in Kareem v. City of Los Angeles illustrates the point. There the plaintiff basically alleged he was unlawfully arrested. Police used unfair ‑‑ police beat him up. This Court said that, quote, boilerplate allegations are sufficient? Well, it says bare allegations are enough. The Court in its opinion says that, quote, bare allegations are enough to state a claim and that plaintiffs are entitled under Section 1983 to establish evidence through discovery. What case is that? I cited a number of cases, Your Honor, but I'll tell you some in particular. Yeah, what's your best case on that? Well, I think the best case on the facts would be Kareem v. LAPD, which is 839 Fed Second. And I can tell you the facts of that case. The plaintiff basically alleged that the officers arrested him unlawfully. They beat and assaulted him. They engaged in acts under color of state law. The acts were taken pursuant to an official policy, period. That's all he alleged. And this Court held, while he could have said more, that he might have said more, there may have been better development of the facts in the pleading, that was enough to move him forward to the next stage, which would be a summary judgment motion. All right. We're rapidly running out of time. Can you just spend a minute or two on the statute of limitations issue? Yes, I can, Your Honor. In terms of the statute of limitations question, the argument on the other, the county's argument is basically that, and the basis for the district court's ruling, is that because time elapsed between the time that he was released and the time of his re-arrest, the statute of limitations ran, and he can no longer base a civil rights claim on events arising out of the 1995 arrest and imprisonment. Basically, under Heck v. Humphrey, the rule is that you can't have a civil rights action based on where there's a criminal proceeding going along the same track. Now, granted, the proceeding wasn't going down that track for four years while the warrant languished, but criminal charges remained pending until January 2000 when they were ultimately dismissed. The reason that we rely on Heck v. Humphrey here is because this court has said in Cabrera and Harvey that that case applies also to pending criminal charges, not just to a conviction that's on appeal. Now, with respect to the county's argument, they say, well, Mr. Foti shouldn't be allowed to benefit from the fact that he was able to evade arrest. Well, first of all, that argument is not factually supported. If they'd like to prove that defense through development of a factual record, they're certainly entitled to on summary judgment. Second of all, there is no case, either from the Ninth Circuit or the Supreme Court, that creates fact-based exceptions to Heck v. Humphrey. It's a bright-line rule. Third, it was certainly within the county's power to trigger the statute of limitations in this case. They had the opportunity to either prosecute charges, execute the warrant, or dismiss the charges, thereby triggering the statute of limitations. They didn't do any of those things until January 2000, which is why he was entitled to the accrual rule under federal law and which is why he was entitled to a tolling rule under California statutory law. What I'd like to do, if the Court doesn't have any other questions, is reserve that last minute of time for a briefing. That's fine. Thank you very much. Okay. Good morning. May I please report? My name is Penny Bennett. I'm appearing on behalf of the County of San Mateo, and I'll take just a few minutes to talk about the Monell issue, and then Ms. Poppeck will talk about the statute of limitations. With all respect of the minimal pleading requirements that are imposed. Counsel, if you're over under the mic. I'm sorry. Is that better? Okay. Keeping in mind that the pleading standard is not a heightened pleading and keeping in mind that a pro se plaintiff is entitled to an even lesser standard, we respectfully suggest that this amended complaint, which plaintiff has already been given one opportunity to clarify or amend, doesn't even meet the bare minimum allegations of an unconstitutional custom or policy under Monell. Why not? In other words, you know, under notice pleading, why isn't it sufficient under this, for instance, this Kareem Panahi case? Because mere knowledge of an unconstitutional act does not amount to ratification. Ratification in every case. It goes beyond knowledge. The allegation says they knew about it and they knew it was in effect illegal and they failed to correct it and it happened again. Well, I think what they allege is that the county appears to ratify this behavior and practice by not taking corrective action. Right. Especially after knowledge to it in the form of a claim. So assuming those facts are correct and that the plaintiff submitted a tort claim against the county of San Mateo, I don't believe that it's incumbent upon the county to recall a warrant that's been issued by the court. I mean, they are simply two different agencies of local government. The county has no authority over the court and there's nothing that the county could have done based upon the claim that Mr. Foti submitted in 1995. Well, that's almost a defense of judicial immunity, isn't it? It comes very close to that. You're saying that county, I don't know who it would be, I guess the board of supervisors doesn't control the court. I think that's part of it. I think that's part of it. I think another part of it, and I think it's best stated in the Christie case, which is cited in our brief, it mentions the fact that to hold cities liable under 1983 whenever policymakers fail to overrule the unconstitutional discretionary acts of subordinates would simply smuggle respondeat superior liability into Section 1983. I think at a minimum the plaintiff needs to allege a deliberate choice, a deliberate course of action. And I respectfully submit that the allegations that the county appears to have ratified it do not meet that bare minimum pleading standard. Well, we're looking at a pro se's pleadings, aren't we? Yes. Yes, we are. And we interpret them very liberally, don't we? No doubt. No doubt. And I think that's what Judge Ilston did when she sustained the county's demur in the first instance and gave this plaintiff a rather detailed guideline as to what would be needed in order to correct the pleading to make it pass muster the second time around. I think she said he needed to allege a precise custom or policy that led to the alleged injury. And having been given that direction, he alleged no more than that the county appears to have ratified. I don't see how that amounts to anything more than respondeat superior liability under Section 1983. If he had said ratified rather than appeared to ratify, would that have? I think if he said the county made a deliberate choice, then he might be there. The county made a decision, or somebody authorized to make that decision made that decision. So if he had recited appears to have deliberately ratified, that would have been sufficient? Closer. But I don't think it's close enough. No, I don't. Counsel, it's notice pleading. So what notice did that give to the county? The notice that the amended complaint gives to the county is that Mr. Foti appears to have been the victim of an isolated tort of an unconstitutional nature, but it doesn't rise to the level of a custom or policy. All right. You want to give the rest of the time over to your co-counsel? Yes. Thank you very much. Thank you. Good morning, Your Honor. Susan Popik for Judge Craig Parsons. I will briefly address the statute of limitations issue, although from Judge Parsons, standpoint, at least, that's something we believe the court doesn't need to reach, because irrespective of any statute of limitations issue, Judge Parsons has a complete defense based on judicial immunity, which as this court is aware provides a complete cloak of immunity for his. I don't think we would quarrel with that, counsel. Okay. Well, is it correct that the state law requires, you know, something preliminary to be done before a judge can exercise his discretion in terms of this kind of hearing that was involved here? It is so, and plaintiff has cited several statutes which provide the requirement of a complaint before the court can make the determination. There was no complaint in this case, right? There was no complaint. The argument is without a complaint there was no subject matter jurisdiction. Well, Your Honor, I think that's not correct. There may have been. I don't know whether it's correct or not, but isn't that contention? That is their argument, yes. That is their argument. And our response to that is that that is precisely the kind of even grave procedural error courts have talked about as not divesting a judge of immunity in those circumstances, so long as the judge is performing the type of act that he has jurisdiction to perform, which in this case he does. The fact that he may have done it incorrectly or improperly doesn't divest him of immunity. Well, when I say so long as he's doing the kind of acts he's authorized to perform, that's not even that's not always true because I read a case somewhere where some judge did some act. We'll say, you know, an Arkansas judge did some act purported to affect somebody in Missouri, you know, like issue an arrest warrant for somebody in Missouri. So, you know, and I think that case was with it was a complete absence of jurisdiction. Well, I think the argument here is similar, right? Although in certain cases, you know, if the correct procedures are followed, then jurisdiction attaches. But if there is no another word, you know, a judge can, you know, say, all right, bring that person here. We're going to issue a warrant, put her in jail. Is that within that judge's jurisdiction? Although no complaint has been filed. I think no charges. I think if the judge is sitting at his bench in a courtroom and is otherwise has the power to do that, then yes, there is immunity. It may be incorrect. It may be dead wrong. But still immunity attaches. The distinction between that situation and the one you addressed with an Alabama judge trying to affect jurisdiction over someone in Missouri or whatever is that the judge doesn't have the power to do that ever. Those aren't circumstances that give rise, that are within his judicial powers. Whereas here, I don't believe there's any dispute that Judge Parsons did have jurisdiction with respect to this arraignment, with respect to making the probable cause determination he made, that the error is that if there was one, is that there was no complaint sworn, but that is precisely the type of procedural error that the courts find don't make any difference. We've cited a case in our brief, the city of Oswego case, where in very, very similar facts, the court issued a contempt, excuse me, sentenced the defendant to contempt, despite the fact that there was a mandatory statutory requirement that there be an affidavit under these circumstances. There was no affidavit, and the court held that that made no difference. That was simply, as I say, the type of procedural error that doesn't affect immunity. I see I have 23 seconds left. With respect to, very briefly with respect to the statute of limitations, under the circumstances here, false arrest, California courts have held even after hack, accrues at the time of the arrest. Under the circumstances here, there was no basis for a continuing limitations period. I think both we and the county have set out the reasons for that in our brief, and I guess we'll just have to refer you to that. Okay, Ms. Popa, thank you. All right, rebuttal. Thank you, Your Honor. I'll make two points very quickly. The first is that the county has said that basically the notice of claim filed with County of San Mateo alerted the county that Mr. Foti had been a victim of constitutional torts. They argue this does not rise to a level of customer policy. In this court's decision in Harvey, Judge Reinhart wrote, when a county continues to turn a blind eye to severe violations of inmates' constitutional rights, despite having received notice of such violations, a rational fact finder may properly infer the existence of a previous policy or custom of deliberate indifference. Now, while Mr. Foti did not necessarily state that as artfully as he might have in his pleading, he is at the very least entitled to leave to amend so that he can do so. With respect to the second point, that it's not incumbent upon the county to recall a warrant issued by a court and that that suggests a judicial immunity issue, we must recall that the prosecutor also has a role in this case. A prosecutor certainly has the ability to exercise discretion to recall a warrant after an investigation by the county, finding that the basis for that warrant does not exist. If the court has no further questions. Okay, thank you very much. We thank all counsel. This case is now submitted for decision. Next case on the argument calendar is Smith versus Cardinal, a rising god of the.
judges: B Fletcher, Tashima, Pollak